IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LAMAR REESE,** | Case No. 4:17 CV 2098 |
| Petitioner, | Judge John R. Adams |
| v. | Magistrate Judge James R. Knepp, II |
| **STATE OF OHIO,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Petitioner Lamar Reese ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Ron Erdos[1] ("Respondent") filed an answer (Doc. 8) and Petitioner filed a response in opposition (Doc. 13). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated October 10, 2017). For the reasons discussed below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524,

---

1. Plaintiff filed suit against the State of Ohio. Ron Erdos is the Warden of the facility where Petitioner is currently incarcerated. Therefore, Warden Erdos is the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases ("[T]he petition must name as respondent the state officer who has custody.").

1

530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530.

Here, the Ohio Seventh District Court of Appeals set forth the following facts:

{¶ 4} A Mahoning County Grand Jury indicted appellant on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(B)(F), and one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C), both with firearm specifications. Hudson was also indicted on aggravated murder and aggravated robbery charges with firearm specifications.

{¶ 5} Prior to trial, appellant and plaintiff-appellee, the State of Ohio, entered into a Joint Request for Stipulation of Use of Polygraph Test. Per this stipulation, the parties agreed that appellant would submit to a polygraph test. If appellant failed the polygraph test, then the results of the test would be admissible at trial. If, however, appellant passed the polygraph test, the state would dismiss all charges against him. Appellant took the polygraph test and failed.

{¶ 6} Consequently, the matter proceeded to a jury trial. The jury listened to testimony from numerous witnesses including Triplett, who implicated appellant and Hudson. The jury also heard the results of the polygraph test. The jury found appellant guilty as charged.

(Ex. 7, Doc. 8-1, at 56-57); *State v. Reese*, 2016 WL 661710, at *1 (Ohio Ct. App.).

**PROCEDURAL HISTORY**

State Court Conviction

On April 14, 2014, in Mahoning County Common Pleas Court, a jury convicted Petitioner of one count of aggravated murder and one count of aggravated robbery, each with firearm specifications. (Ex. 3, Doc. 8-1, at 10-12). On July 22, 2014, the trial court sentenced Petitioner to a mandatory term of 20 years to life on the murder charge, ten years on the robbery charge, and three years on the firearm specification. *Id.* at 11. Thus, the trial court sentenced Petitioner to an aggregate sentence of 33 years to life in prison. *Id.*

Direct Appeal

Petitioner, represented by counsel, filed a timely notice of appeal to the Seventh District Court of Appeals, Mahoning County. (Ex. 4, Doc. 8-1, at 14). In his memorandum, Petitioner asserted two assignments of error:

1. The trial court erred plainly in its instructions relative to the admission of polygraph testimony.

2. The Court erred plainly in allowing into evidence a stipulated polygraph absent a proper foundation under Evidentiary Rule 702 for its admission.

(Ex. 5, Doc. 8-1, at 25).

On February 10, 2016, the Seventh District Court of Appeals affirmed Petitioner's conviction. (Ex. 7, Doc. 8-1, at 55).

On March 26, 2016, Petitioner, represented by counsel, filed a notice of appeal to the Ohio Supreme Court (Ex. 8, Doc. 8-1, at 57), and a memorandum in support of jurisdiction (Ex. 9, Doc. 8-1, at 69-79). Petitioner asserted two propositions of law:

1. If polygraph testimony comes in a trial, a judge must inform the jurors that it does not prove or disprove an element of the offense and that it is up to the jurors to assign it weight. Here, the trial court erroneously and prejudicially advised the jury that they could use the polygraph to establish that the defendant was lying.

2. Under Ohio law, even if the State and a defendant stipulate to the admissibility of a polygraph examination, the examination still must conform to the Rules of Evidence, particularly Rule 702 as to the admissibility of expert testimony. Here, there is no such evidentiary threshold, such to equal reversible error.

*Id.* at 71.

On June 29, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Ex. 10, Doc. 8-1, at 92).

Post-Conviction Petition

On March 23, 2015, while his direct appeal was pending, Petitioner, *pro se*, filed a timely petition to vacate or set aside judgment of conviction or sentence. (Ex. 11, Doc. 8-1, at 93). He claimed his history of mental health issues should have prevented a polygraph examination, and thus his Sixth and Fourteenth Amendment rights to due process were denied. *Id.* at 94. The State filed a motion to dismiss in response (Ex. 12, Doc. 8-1, at 100-01), which the trial court granted (Ex. 13, Doc. 8-1, at 111). No evidence in the record indicates Petitioner appealed this decision.

## FEDERAL HABEAS CORPUS

The instant Petition was filed in October 2017 and challenges Petitioner's convictions. (Doc. 1). Petitioner raises one ground for relief:

**GROUND ONE**: The Court erred plainly in allowing into evidence a stipulated polygraph absent a proper foundation under Evidentiary Rule 702 for its admission. This violates my right to a fair trial under due process of the 5th & 14th amendment of the U.S. Constitution.

**Supporting Facts:** Under Ohio Law even if the state and a defendant stipulate to the admissibility of a polygraph examination, the examination still must conform to the Rules of Evidence particularly Rule 702 as to the admissibility of expert testimony. Here, there is no such evidentiary threshold.

There wasn't any foundation establishing the circumstances under w[h]ich a polygraph would or would not be reliable and this polygraph suffered from an obvious defect in reliability. The polygraph examiner asked me am I a citizen of Canada I said yes w[h]ich was obviously not true and this answer was found non deceptive.

*Id.* at 5.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be

4

given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

Respondent asserts Petitioner's only ground for relief does not state a federal constitutional claim and, alternatively, was procedurally defaulted due to his failure to raise the claim at the trial court level. *See* Doc. 8. Specifically, Respondent argues there is no Supreme Court precedent

barring admission of polygraph evidence, and that evidentiary rulings do not form the basis for a Constitutional claim. *Id.* at 8-13. Additionally, Respondent argues Petitioner's claims are procedurally defaulted because the polygraph test's admission was agreed to by stipulation at trial. *Id.* at 14-17. Therefore, there was no objection at trial and the claim is waived as a result. *Id.* at 14-15. Finally, Respondent asserts Petitioner's claim is procedurally defaulted because he had not previously argued his due process rights were infringed, so this claim was not properly exhausted. *Id.* at 16-17.

Petitioner provides several cases to support his claim, and argues his claim is not procedurally defaulted. *See* Doc. 13.

For the following reasons, the undersigned recommends the Petition be denied.

<u>Procedural Default</u>

Respondent asserts Petitioner's sole ground for relief is procedurally defaulted for two independent reasons. (Doc. 8, at 14-17). First, Respondent asserts that, because the polygraph evidence was admitted by stipulation, no objection was raised during his trial, waiving the issue. *Id.* at 14-15. Second, Respondent argues Petitioner presents a different legal theory to this Court than he did during prior appeals. *Id.* at 16-17. Therefore, Respondent claims, the claim was not fairly presented as a federal claim to the Ohio courts. *Id.* Petitioner contends he did fairly present his claims in the state courts. (Doc. 13, at 8).[2]

---

2. Petitioner filed two supplements to his Traverse on August 14, 2018 and August 23, 2018. (Docs. 16, 17). The undersigned denied Petitioner's motion to amend his Traverse weeks earlier. (Doc. 15). The supplements are untimely, and also meritless. Petitioner presents a Fifth Circuit case concerning a direct appeal to advance his claim that the undersigned ought to consider his claim under the "plain error" standard. *See* Doc. 16, at 1 (citing *U.S. v. Puckett*, 505 F.3d 377, 383 (5th Cir. 2007)). This case is not relevant here, however, as the standards for habeas review of state court decisions differ from the standards for direct review of federal criminal cases.

Petitioners must exhaust state court remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied when a petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The doctrine of exhaustion "requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A claim cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*; *see also Williams v. Wolfenberger*, 513 F. App'x 466, 68 (6th Cir. 2013) ("To satisfy this requirement, the petitioner must argue his claim under the same legal theory that was presented to the state courts.").

A procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan,* 526 U.S. at 842; *Anderson v. Harless,* 459 U.S. 4 (1982). In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub,* 349 F.3d. 340, 346 (6th Cir. 2003) (quoting *O'Sullivan,* 526 U.S. at 845). This is to "[alert] [the state court] to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal quotation marks omitted) (citations omitted). In order to accomplish this, a petitioner must fairly present the substance of his federal constitutional claims to the state courts before seeking habeas relief. *Whitings v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Hence, "a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts." *Id.* (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Further, the claim must be

7

presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

If the state argues a petitioner has procedurally defaulted his claims, the Court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original). [3]

---

3. A petitioner may also overcome a procedural default by demonstrating that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.'" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Maintaining this

For the following reasons, the undersigned recommends finding Petitioner's claims procedurally defaulted.

*Contemporaneous Objection*

The Ohio contemporaneous objection rule requires parties to preserve errors for appeal by objecting at the trial court level, when the error can be avoided or corrected. *State v. Glaros,* 170 Ohio St. 471, 475 (1960) ("It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."). Petitioner, in his direct appeal, admitted he did not object to the polygraph evidence's admission during his trial. (Ex. 7, Doc. 8-1, at 57); *Reese*, 2016 WL 661710, at *2. Ohio's contemporaneous objection rule requires that objection be made at the trial court level, thus Petitioner conceded the first step of the *Maupin* test by admitting he failed to follow the contemporaneous objection rule. *Conley v. Warden Chillicothe Corr. Inst.*, 505 F. App'x 501, 506 (6th Cir. 2012).

The state-court review for plain error does not save Petitioner from procedural default. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) ("Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits.") (citing *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000)). Thus, in the present case, the state appellate court enforced the procedural sanction by reviewing

---

exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 492-93 (1976)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has presented no such evidence or argument.

Petitioner's appeal only for plain error, instead of on the merits. This satisfies the second step of the *Maupin* test.

Ohio's contemporaneous objection rule is an adequate and independent state ground, sufficient to bar habeas relief. *See, e.g., Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) ("Failure to adhere to the 'firmly established Ohio contemporaneous objection rule' is 'an independent and adequate state ground' of decision.") (quoting *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006)). Thus, the third step of the *Maupin* test is satisfied.

Finally, Petitioner presents no evidence to demonstrate "cause" or "prejudice" sufficient to avoid default under the fourth step of the *Maupin* test. Petitioner presents no "objective factor external to the defense" which prevented him from objecting to the polygraph's admission at trial *Bonilla*, 370 F.3d at 498 (internal citations omitted). Additionally, for the reasons detailed below, the alleged error could not have "infect[ed] his entire trial with error of constitutional dimensions" as Petitioner presents no constitutional error. *Frady*, 456 U.S. at 170. Therefore, the undersigned recommends finding Petitioner's claim procedurally defaulted.

*Fair Presentation of Federal Claim*

Additionally, Respondent argues Ground One is procedurally defaulted because Petitioner did not present it as a federal claim to the Ohio courts. In the present case, Petitioner claims his right to a fair trial, guaranteed by the Fifth and Fourteenth Amendments, was violated by the admission of the polygraph evidence. He did not raise this as a federal constitutional issues in his direct appeal. *See* Ex. 5, Doc. 8-1, at 25 (arguing the admission of polygraph evidence violated Ohio law). Habeas relief is available for prisoners in custody in violation of the Constitution, and is generally not for reviewing state court decisions on matters of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court

10

determinations on state-law questions…a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Therefore, the claim was not exhausted in state courts, barring Petitioner from habeas relief on that legal theory. *Koontz,* 731 F.2d at 368 ("The exhaustion requirement is satisfied 'once the federal claim has been fairly presented to the state courts . . .'") (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Any attempt to raise the claim now would be barred by Ohio's *res judicata* rule. *See, e.g., State v. Cole*, 2 Ohio St. 3d 112 (1982). Therefore, Petitioner's claim is procedurally defaulted for failure to fairly present it as a federal constitutional claim to the state court.

Petitioner contends he presented his federal claims at the appeal level, but the included record presents no evidence to support his assertion. *See* Doc. 13, at 8. Thus, the undersigned again recommends Ground One be found procedurally defaulted.

Merits

Petitioner contends the polygraph testimony, regardless of the stipulation, had to comply with the Rules of Evidence, which he alleges the evidence did not. (Doc. 13, at 5-7). Respondent argues there is no Supreme Court precedent to support Petitioner's claim, and that federal habeas review does not extend to questions of state law. (Doc. 8, at 8-13). For the following reasons, the undersigned recommends Petitioner's claim could alternatively be denied on the merits.

An application for habeas corpus can only be granted when a person's state conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States". *Williams*, 529 U.S. at 405. The Supreme Court has not held that the admission of polygraph testimony violates the Constitution. "Individual jurisdictions therefore may reasonably reach differing conclusions as to whether polygraph evidence should be admitted." *U.S. v. Scheffer*, 523 U.S. 303, 312 (1998)

(holding that the Military Rules of Evidence *per se* prohibition on polygraph testimony did not raise constitutional concerns). Polygraph admissibility varies by jurisdiction, and the Supreme Court has denied attempts to create a blanket rule. *Masri v. U.S.*, 434 U.S. 907, 908 (1977) (White, J. dissenting) (noting different rules in different federal circuit courts about the admission of polygraph evidence and arguing the Supreme Court "should grant certiorari in such cases as this, where a defendant's rights would be notably different depending upon the Circuit in which he is tried . . ."). As such, the mere admission of polygraph testimony does not violate a clearly established constitutional right.

In addition, Plaintiff claims the admission of the polygraph testimony violated Ohio state law, including its Rules of Evidence. Errors of state law, such as the application of state rules of evidence, are generally insufficient to grant a writ of habeas corpus. *Waters v. Kassulke,* 916 F.2d 329, 335 (6th Cir. 1990) ("'[E]rrors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding' . . . Such errors will result in the granting of a writ of habeas corpus only if they result 'in the denial of fundamental fairness, thereby violating due process.'") (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)). The category of infractions that violate "fundamental fairness" is narrow. *Dowling v. U.S.*, 493 U.S. 342, 352 (1990). In evaluating fundamental fairness, courts are to determine "only whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions', and which define 'the community's sense of fair play and decency'". *Id*. at 353 (quoting *U.S. v. Lovasco*, 431 U.S. 783, 790 (1977)) (internal citations omitted). Another judge in this district found the admission of polygraph testimony does not fall into this narrow category. *Horne v. Bunting*, 2014 U.S. Dist. LEXIS 178978, at *61 (N.D. Ohio) ("The undersigned recommends that the Court find that the

admission of the testimony regarding the polygraph results does not fall within the very narrowly defined category of infractions that violates fundamental fairness."), *report and recommendation adopted by Horne v. Bunting,* 2014 U.S. Dist. LEXIS 177916 (N.D. Ohio).[4] This Court agrees.

The state appellate court found, contrary to Petitioner's assertion, that the polygraph test results were properly admitted under state law. (Ex. 7, Doc. 8-1, at 65); *Reese*, 2016 WL 661710, at *7. ("In sum, the state met the four conditions for admissibility of polygraph test results. Therefore, plain error does not exist here."). This Court presumes Ohio courts correctly interpreted Ohio law. *Estelle* 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). As previously discussed, there is no federal Supreme Court decision clearly establishing a right the Ohio court here violated. The lone case offered by Petitioner, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), does not advance his claim. *Daubert* holds that the federal, not state, rules of evidence superseded a prior Supreme Court decision regarding the admissibility of expert testimony, and provided guidance to the interpretation of those rules. *Id.* at 589. The *Daubert* decision did not change the law in Ohio governing the admissibility of polygraph tests. (Ex. 7, Doc. 8-1, at 64); *Reese*, 2016 WL 661710, at *6 ("The Ohio Supreme Court set out the conditions for allowing polygraph test results in *Souel*. The [Supreme] Court has not modified or changed these conditions.").

With no clearly-established federal Constitutional right implicated, this Court may only review the decision to admit polygraph testimony if it resulted in a denial of fundamental fairness, which is not present in this case. Petitioner stipulated to the admission of the polygraph examination. (Ex. 3, Doc. 8-1, at 7-9). His attorney cross-examined the polygraph examiner at

---

4. In the previously-mentioned attempts to supplement his Traverse, Petitioner presented additional case law to support his arguments based on state law. (Docs. 16, 17). For the above-mentioned reasons, the undersigned will not consider Petitioner's state law claims.

length. (Ex. 14, Doc. 8-1, at 155-70). The state appellate court found, contrary to Petitioner's argument, that the admission did not violate the state's rule of evidence concerning expert testimony. (Ex. 7, Doc. 8-1, at 64); *Reese*, 2016 WL 661710, at *7. In brief, the admission of stipulated polygraph testimony did not cause Petitioner to suffer a denial of fundamental fairness during his trial. Additionally, there is no clearly established Constitutional right implicated by the admission of polygraph evidence in accordance with the relevant rules of evidence. For the abovementioned reasons, the undersigned recommends the Petition be denied.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be denied. Ground One is both procedurally defaulted and meritless.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).