UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR REESE, | ) | CASE NO.: 4:17-cv-02098 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| STATE OF OHIO, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

This matter is before the Court on Petitioner Lamar Reese's ("Reese") objections to the Magistrate Judge's Report and Recommendation ("R. & R."). (R. & R., ECF No. 18; Objections, ECF No. 23.) For the following reasons, Reese's objections are OVERRULED. This Court ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES Reese's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

**I. BACKGROUND**

In 2013, "[a] Mahoning County Grand Jury indicted [Reese] on one count of aggravated murder, a first-degree felony in violation of R.C. 2903.01(B)(F), and one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(C), both with firearm specifications." (State Court Record 56, ECF No. 8-1.) Before his trial, Reese and the State of Ohio "entered into a Joint Request for Stipulation of Use of Polygraph Test." (*Id.*) Accordingly, the parties stipulated that Reese would submit to a polygraph test where if he failed the results would be admissible at trial and if he passed the State of Ohio would dismiss all charges against him. (*Id.* at 56-57.) Reese failed the polygraph test. (*Id.* at 57.) The polygraph test results, among other evidence and witness testimony, were presented to a jury. (*Id.*)

On April 14, 2014 the jury found Reese guilty of one count of aggravated murder and one count of aggravated robbery, each with a firearm specification. (*Id.* at 10-11.) On July 22, 2014 the Mahoning County Court of Common Pleas sentenced Reese to a total of thirty-three years to life in prison. (*Id.*)

Reese timely appealed two issues to Ohio's Seventh District Court of Appeals: (1) "The trial court erred plainly in its instructions relative to the admission of polygraph testimony"; and (2) "The Court erred plainly in allowing into evidence a stipulated polygraph absent a proper foundation under Evidentiary Rule 702 for its admission." (*Id.* at 25.) Notably, Reese's appeal presented issues of Ohio law without reference to or discussion of the United States Constitution. (*See id.* at 19-34.) The Seventh District Court of Appeals found no plain error by the trial court and upheld Reese's conviction. (*Id.* at 55-65.)

During the time Reese's appeal was pending before the Seventh District Court of Appeals, Reese also filed a timely post-conviction motion to the Mahoning County Court of Common Pleas arguing he was denied his Sixth and Fourteenth Amendment due process rights under the United States Constitution when he was "subjected to a polygraphic examination" despite his history of mental illness. (*Id.* at 93-94.) The Mahoning County Court of Common Pleas dismissed Reese's post-conviction motion. (*Id.* at 111.) The record is devoid of evidence that Reese appealed this dismissal.

Reese did, however, timely appeal the Seventh District Court of Appeals' decision to the Supreme Court of Ohio with the following propositions of law:

> Proposition of Law No. 1: If polygraph testimony comes in a trial, a judge must inform the jurors that it does not prove or disprove an element of the offense and that it is up to the jurors to assign it weight. Here, the trial court erroneously and prejudicially advised the jury that they could use the polygraph to establish that the defendant was lying.

> Proposition of Law No. 2: Under Ohio law, even if the State and a defendant stipulate to the admissibility of a polygraph examination, the examination still must conform to the Rules of Evidence, particularly Rule 702 as to the admissibility of expert testimony. Here, there is no such evidentiary threshold, such to equal reversible error.

(*Id.* at 71.) Reese's arguments to the Supreme Court of Ohio presented issues of Ohio law without reference to or discussion of the United States Constitution. (*See id.* at 66-79.) The Supreme Court of Ohio declined to accept jurisdiction over Reese's appeal. (*Id.* at 92.)

Reese then timely filed a Petition for Habeas Corpus before this Court pursuant to 28 U.S.C. § 2254 raising one ground for relief: "The Court erred plainly in allowing into evidence a stipulated polygraph absent a proper foundation under Evidentiary Rule 702 for its admission. This violates my right to fair trial under due process of the 5th & 14th Amendment of the U.S. Constitution." (Petition 5, ECF No. 1.) After careful consideration, the Magistrate Judge issued a Report and Recommendation recommending this Court deny Reese's Petition given Reese's ground for relief is both procedurally defaulted and meritless. (R. & R. 4-14, ECF No. 18.) Reese submitted objections to the R. & R. (Objections, ECF No. 23.) For the following reasons, Reese's objections are OVERRULED and this Court ADOPTS the Magistrate Judge's Report and Recommendation that the Petition filed pursuant to 28 U.S.C. § 2254 be DENIED as procedurally defaulted and meritless.

**II.    STANDARD OF REVIEW**

When a party files written objections to the Magistrate Judge's R. & R., this Court must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C).

### III. LAW AND ANALYSIS

#### A. Procedural Default

Reese first objects to the Magistrate Judge's conclusion that his ground for relief is procedurally defaulted. (Objections 1-3, ECF No. 23.) For the following reasons, this Court OVERRULES Reese's objection.

As the Magistrate Judge outlined in the R. & R., procedural default may occur in two ways. Procedural default occurs if a petitioner fails "to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)). This rings true for claims under the United States Constitution – "[b]ecause state courts, like federal courts, are required to enforce federal law, including rights asserted under the Constitution, comity requires that the state courts should have the first opportunity to review the prisoner's federal claim and provide any necessary relief." *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005).

This means that typically, a federal court cannot "consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)). "Fairly presented" in this context "requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). To determine whether a petitioner fairly presented his claim to the state courts, this Court must determine whether the petitioner: "(1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law." *Hand v. Houk*, 871 F.3d 390, 418

(6th Cir. 2017) (citing *McMeans*, 228 F.3d at 681). "While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (quoting *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)).

Despite Reese's objections and arguments to the contrary, the record is clear the Reese did not fairly present his ground for relief currently before this Court to either Ohio's Seventh District Court of Appeals or the Supreme Court of Ohio. Specifically, Reese's claim before this Court is that his due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution were violated when his polygraph test results were admitted into evidence at his trial without proper evidentiary foundation under Ohio Rule of Evidence 702. However, this issue was only presented as one of Ohio law, devoid of the constitutional due process arguments, during Reese's state court appeals. The issue presented to the Ohio state courts did not rely upon either federal cases or state cases utilizing federal constitutional analysis, were not phrased in terms of federal constitutional law, were not particularly phrased to allege a denial of a federal constitutional right, and did not allege facts within the mainstream of federal constitutional analysis.

Accordingly, the Ohio state courts were not provided an opportunity to review Reese's federal constitutional claims and provide any necessary relief – the Ohio courts reviewed Reese's claim that his polygraph test results were admitted into evidence at his trial without proper evidentiary foundation under Ohio Rules of Evidence, but not through the constitutional lens which Reese asks this Court to look. Because Reese's federal constitutional claims were not fairly presented to the Ohio state courts, this Court lacks jurisdiction to consider his claim. In effect, Reese's ground for

relief is procedurally defaulted and, therefore, in accordance with the recommendation from the Magistrate Judge, shall be DENIED.

Of note, procedural default also occurs if a petitioner fails to comply with a state procedural rule. This Court must conduct a four-step analysis when the state argues that a petitioner failed to observe a state procedural rule, precluding the petition for habeas corpus. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Although Reese argues, in his objections, that this test is not applicable to his case, he is incorrect – the State of Ohio argued in its Return of Writ that Reese's claim was procedurally defaulted given his failure to follow Ohio's contemporaneous objection rule, triggering the application of the following test. (*See* Objections 3, ECF No. 23; Return of Writ 14-15, ECF No. 8.)

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim . . . [Finally,] the petitioner must demonstrate . . . that there was "cause" for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138.

In applying this test, this Court agrees with the Magistrate Judge's conclusion that Reese's claim that his polygraph test results were improperly admitted into evidence at his trial was procedurally defaulted when he failed to object to the admission of the polygraph evidence during his trial. Notably, Reese does not object to the Magistrate Judge's analysis or conclusions regarding the first or third prongs of the *Maupin* test – Reese neither objects to the application of Ohio's contemporaneous objection rule to this issue, disputes that he failed to object to the admission of the polygraph evidence during his trial, nor argues that failure to contemporaneously object is an adequate and independent state ground barring federal habeas review. *See Scott v.*

*Mitchell*, 209 F.3d 854, 873 (6th Cir. 2000) (explaining Ohio's contemporaneous objection rule is an adequate and independent state ground sufficient to bar federal habeas review of the claim). Therefore, this Court will not further analyze the first or third prongs of the *Maupin* test.

Reese does, however, disagree with the Magistrate Judge's conclusion that the state courts actually enforced a procedural sanction for the failure to object by reviewing Reese's appeal only for plain error rather than on the merits. (Objections 3, ECF No. 23.) In fact, Reese argues "the state court considered the error and reviewed it on its merits." (*Id.*) This, however, is incorrect. Ohio's Seventh District Court of Appeals clearly stated in its written opinion that Reese conceded the issues he appealed were to be reviewed "for plain error because there were not objections in the trial court to the issues he now raises." (State Court Record 57, ECF No. 8-1.) Plain error review does not save Reese's claim from being procedurally defaulted: "Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but it is not equivalent to a review of the merits." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (citing *Scott*, 209 F.3d at 866-67). Accordingly, because Reese's claims on appeal were reviewed only for plain error, and were not reviewed on the merits, the state courts enforced the procedural sanction for Reese's failure to contemporaneously object to the admission of polygraph test evidence at his trial, satisfying the second prong of the *Maupin* test. Reese's objection to this prong is OVERRULED.

Finally, the last prong of the *Maupin* test requires that Reese demonstrate cause for failing to follow Ohio's contemporaneous objection rule and actual prejudice that resulted in order to overcome the procedural default. To demonstrate cause, Reese must demonstrate that "some objective factor external to the defense impeded counsel's efforts" to raise an objection to the admission of the polygraph evidence at Reese's trial. *McClesky v. Zant*, 499 U.S. 467, 493 (1991)

(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted). To demonstrate prejudice, Reese "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (*emphasis* in original). In his objections, Reese fails to demonstrate that his counsel was objectively prevented from following Ohio's contemporaneous objection rule or that the failure to object to the inclusion of the polygraph test at Reese's trial infected his entire trial with substantial error of constitutional dimensions. Reese's conclusory and unsupported statements regarding his innocence and that, but for the admission of the polygraph test, the jury would have found him not guilty do not meet the threshold necessary to demonstrate that Reese experienced an actual disadvantage of constitutional magnitude when his polygraph test was admitted in evidence at his trial.

Because the state court's treatment of the issues raises in Reese's appeals met the *Maupin* test and Reese failed to establish cause for the default or demonstrate prejudice rising to the level of constitutional dimensions, Reese's claim before this Court is procedurally defaulted. Therefore, any of Reese's objections or arguments surrounding procedural default are OVERRULED.

### B. Merits

Although this Court has found Reese's ground for relief to be procedurally defaulted for two independent reasons, necessitating the denial of Reese's Petition, this Court will address Reese's objections to the Magistrate Judge's conclusion that his ground for relief is also meritless to achieve finality in this matter. (Objections 4-6, ECF No. 23.) For the following reasons, this Court OVERRULES Reese's objections with respect to the merits of his ground for relief.

As the Magistrate Judge outlined in the R. & R., the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") review standard dictates that a writ of habeas corpus shall not be granted with respect to a state court adjudicated claim unless adjudication of the claim resulted in a decision: (1) contrary to clearly established federal law; (2) that involved an unreasonable application of federal law; or (3) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). Accordingly, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. This is an intentionally high standard to meet. *Id.* at 102.

This Court agrees with the Magistrate Judge's conclusion that Reese's state court adjudicated claim was not adjudicated contrary to clearly established federal law or while utilizing unreasonable application of federal law given the United States Supreme Court has never definitively held the admission of polygraph evidence unconstitutional and allowed jurisdictions to individually decide whether polygraph evidence should be admitted. (R. & R. 11-12, ECF No. 18.) *See United States v. Scheffer*, 523 U.S. 303, 312 (1998). Reese's objection, however, does not focus on this conclusion but rather argues that the court's admission of the polygraph evidence at his trial violated Ohio Rule of Evidence 702, preventing him from confronting an adverse witness, ostensibly the polygraph examiner, and substantially affecting the jury verdict, all of which denied Reese fundamental fairness and due process. (Objections 4-6, ECF No. 23.)

State court evidentiary rulings "are usually not to be questioned in a federal habeas corpus proceeding." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000). In fact, "[a] state court evidentiary ruling will be reviewed by a federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). State court evidentiary rulings, however, "cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Seymour*, 224 F.3d at 552 (quoting *Montana v. Engelhoff*, 518 U.S. 37, 43 (1996)).

This Court agrees with the Magistrate Judge that the admission of polygraph evidence at Reese's trial was not fundamentally unfair and did not rise to the level of a due process violation. (R. & R. 12-13, ECF No. 18.) This is particularly true given Reese himself stipulated to the admission of the polygraph test results into evidence at his trial, Reese's counsel conducted a lengthy cross-examination of the polygraph examiner at trial, and, most importantly, after thorough analysis Ohio's Seventh District Court of Appeals found that the trial court did not commit plain error in admitting the polygraph test results into evidence at Reese's trial given the four conditions required by the Supreme Court of Ohio for admitting polygraph test results into evidence were met. (State Court Record 61-65, 155-170, ECF No. 8-1.) Reese's conclusory assertions that fundamental fairness and his constitutional due process rights were violated, therefore, do not meet the high standard of demonstrating that the state court's evidentiary ruling created an error of such magnitude and significance it lacked justification beyond fairminded disagreement. Accordingly, Reese's objection to the conclusion that his ground for relief is meritless is OVERRULED. Because this Court concludes that Reese's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is both procedurally defaulted and meritless, the Petition is hereby DENIED.

**IV.     CONCLUSION**

For the foregoing reasons, Petitioner Lamar Reese's objections to the Magistrate Judge's Report and Recommendation are OVERRULED. This Court ADOPTS the Report and Recommendation of the Magistrate Judge and DENIES Reese's Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: May 26, 2021                         /s/ John R. Adams
                                                                Judge John R. Adams
                                                                UNITED STATES DISTRICT COURT